IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRENTON L.,

      Plaintiff,

v.                                                                                         Civ. No. 21-117 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff argues that the Administrative Law Judge ("ALJ") committed error when he denied Plaintiff's claim for supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff argues that the ALJ was required to incorporate or account for his own step-three findings when fashioning the RFC, and that the ALJ erred by failing to resolve a conflict between the Dictionary of Occupational Titles ("DOT") and the testimony of the Vocational Expert ("VE"). The Court rejects both arguments because the ALJ is not required to account for step-three findings in the step-four narrative, and because there was no conflict between the DOT and the VE testimony. As a result, the Court DENIES Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 20, and affirms the decision below.[1]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 3, 5, 6. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court reserves

**APPLICABLE LAW**

  A. Disability Determination Process

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[2] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, he is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past

---

discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[2] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [he] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [he] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

> relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5) If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.   Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004);

*Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

4

## ANALYSIS

Plaintiff makes two arguments on appeal. First, Plaintiff argues that the ALJ erred because he found moderate limitations in mental work-related abilities at step three, but failed to account for those limitations in the RFC at step four without explanation. Second, Plaintiff argues that the ALJ erred by finding that Plaintiff can perform jobs that require a reasoning level of two, even though the RFC limits Plaintiff to simple work. The Court rejects both arguments.

**I.     Step Three**

At step two, the ALJ found Plaintiff has severe mental impairments. AR 17. At step three, the ALJ found these impairments do not meet a listing, singly or in combination, because "the medical evidence . . . fails to show that those conditions have resulted in more than moderate restriction of the claimant's ability to understand, remember, or apply information; moderate difficulty in his ability to interact with others; moderate difficulty in his ability to concentrate, persist, or maintain pace; and moderate difficulty in his ability to adapt or to manage himself." AR 18-19. At step four, the ALJ assessed the following mental limitations in work-related abilities:

> [Plaintiff] can understand, carry out and remember simple, routine instructions; he can make simple decisions; he can perform job tasks independently, appropriately and at a consistent pace in goal oriented work in which job tasks do not have to be completed within a strict time deadline; he can interact occasionally with the public, supervisors and co-workers on a superficial work basis; and he can respond appropriately to occasional routine changes in work setting.

AR 21.

Plaintiff argues that the ALJ erred in assessing "moderate limitations in the abilities to concentrate, persist, or maintain pace" without accounting for these limitations in the RFC. Doc. 20 at 8. Plaintiff argues that a limitation to simple work does not automatically account for moderate impairments in work-related abilities. *Id.* at 8-9 (citing *Chapo v. Astrue*, 682 F.3d

5

1285, 1290 n.3 (10th Cir. 2012); *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014)). As such, the ALJ was required to "explain how the moderate limitation in understanding, remembering, or applying information was accounted for by a limitation to simple work." *Id.* at 9.

Plaintiff's argument has been rejected by the Tenth Circuit multiple times. *DeFalco-Miller v. Colvin*, 520 F. App'x 741, 747-48 (10th Cir. 2013) (unpublished) (the plaintiff "fails, however, to identify a requirement that step three findings concerning the listings be incorporated into the RFC determination used in steps four and five"; there is no requirement to even discuss a step-three finding in the RFC narrative because "the ALJ's statement at step three that [Plaintiff] exhibited 'no more than' moderate difficulties maintaining social functioning is neither a medical fact nor nonmedical evidence"); *Anderson v. Colvin*, 514 F. App'x 756, 763 (10th Cir. 2013) (unpublished) (stating that this argument "simply misunderstands the sequential evaluation process" (internal quotation marks omitted)); *Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014) (unpublished) ("the ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment in this case"). The Court agrees with these cases. The requirement at step four is to explain how the ALJ weighed evidence and fashioned the RFC. SSR 96-8p, 1996 WL 374184, at *7. This does not encompass a requirement to account for the step-three findings, which have a different purpose in the sequential evaluation process. Notably, Plaintiff here does not challenge whether the ALJ properly weighed the evidence and adequately explained the RFC.

Nor is Plaintiff's cited authority on point. *Chapo v. Astrue* observed that unskilled work may not account for all moderate limitations in a treating physician's opinion. 682 F.3d 1285,

1290 & n.3 (10th Cir. 2012). It has no relevance to whether moderate limitations at step three must be "accounted for" at step four. Plaintiff's other cited authority, *Jaramillo v. Colvin*, holds that when an ALJ places "great weight" on a physician's opinion, the ALJ cannot then incorporate some of the physician's limitations into the RFC but omit others without explanation. 576 F. App'x 870, 875-76 (10th Cir. 2014). As part of the discussion, the Tenth Circuit cited *Chapo* for the proposition that unskilled work may not necessarily account for a physician's assessment of moderate limitations in the abilities to carry out instructions, attend and concentrate, and work without supervision. *Id.* at 876. Again, however, because the ALJ was not required to *account for* his own step-three findings when fashioning the RFC at step four, there can be no similar error in this case by limiting the claimant to unskilled work for reasons otherwise explained in the RFC narrative.

**II.     Step Five**

At step five, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in significant numbers in the national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Plaintiff argues that the ALJ erred at step five by failing to explain a conflict between the testimony of the VE and the DOT. Doc. 20 at 10.

Based on the testimony of the VE, the ALJ identified three jobs that Mr. Martinez can perform: hand packager, office cleaner, and dishwasher. AR 26. The Department of Labor's Dictionary of Occupational Titles classifies each job with a "reasoning level." The "reasoning" scale runs from one to six, with six signaling jobs that call for the most complex reasoning. Two of these jobs (hand packager and dishwasher) are defined by the DOT as requiring a reasoning level of two. Hand Packager, DOT # 920-587-018, 1991 WL 687916; Kitchen Helper, DOT # 318.687-010, 1991 WL 672755. Plaintiff argues that a job requiring this reasoning level is

inconsistent with the ALJ's RFC in this case, which limits Plaintiff to performing simple work. Doc. 20 at 12-13.

Again, Plaintiff's cited authority does not support Plaintiff's position. In *Hackett v. Barnhart*, the Tenth Circuit held that there is an apparent conflict between level-*three* reasoning and simple work restrictions. 395 F.3d 1168, 1176 (10th Cir. 2005). An ALJ may not conclude that a claimant who is restricted to "simple and routine work tasks" can perform a reasoning-level-three job without addressing this conflict. *Id*. The court ordered remand to give the ALJ an opportunity to explain the conflict. *Id.* at 1176-77.

However, this holding does not extend to reasoning-level-*two* jobs. In *Hackett*, the Tenth Circuit explicitly stated that "level-two reasoning appears more consistent with" an RFC for simple, routine tasks. 395 F.3d at 1176. The Court finds that there is no conflict between reasoning-level-two jobs and the RFC in this case. "[L]evel-two reasoning requires the worker to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." *Id.* (internal quotation marks and alterations omitted). This does not conflict with the RFC in this case, which stipulates that Plaintiff can understand, carry out and remember simple, routine instructions; make simple decisions; perform job tasks independently, appropriately and at a consistent pace in goal-oriented work in which job tasks do not have to be completed within a strict time deadline; and respond appropriately to occasional routine changes in work setting. AR 21.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 20, is **DENIED**.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**